J-S37001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH THOMAS MORRIS | : | |
| | : | |
| Appellant | : | No. 1184 EDA 2019 |

Appeal from the Order Entered March 18, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005089-2017,

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 31, 2024**

Keith Thomas Morris appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), wherein he raised numerous challenges to the constitutionality of Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA"). We affirm.

We glean the following background from the certified record. In 2018, Appellant pled guilty to one count each of unlawful contact with a minor, corruption of minors, indecent exposure, and indecent assault of a person less than sixteen years of age relating to a 2017 incident during which he exposed his penis and fondled a thirteen-year-old's genitals. On July 23, 2018, the trial court sentenced Appellant to a negotiated aggregate term of eighteen to thirty-six months in prison and informed him of his duty to register as a Tier-II offender pursuant to SORNA. Although Appellant was assessed by the Pennsylvania Sexual Offenders Assessment Board, which opined that he

satisfied the criteria of being a sexually violent predator ("SVP"), the court did declined to proceed to a hearing on the recommendation because of pending legal challenges. Approximately thirty-nine days after sentencing, Appellant filed a post-sentence motion that, *inter alia*, attacked the constitutionality of Subchapter H of SORNA. Several other similarly situated defendants in Bucks County filed identical motions.

The trial court, sitting *en banc*, held a hearing and considered briefs as to the motions. It initially entered a memorandum opinion granting relief to Appellant and finding that SORNA was unconstitutional because it retroactively imposed punitive registration requirements. However, the Commonwealth filed a motion for reconsideration, which resulted in an additional hearing and further briefing by the parties. Ultimately, the court entered an order on March 18, 2019, vacating parts of the prior memorandum and declaring that Subchapter H is constitutional except as it applies to the determination of SVPs, and thus denying the various defendants' post-sentence motions.

Appellant filed an appeal raising six issues, all challenging the constitutionality of SORNA. Upon review, this Court first concluded that because Appellant failed to timely file his post-sentence motion, and accordingly his direct appeal, his motion below was properly deemed to be a PCRA petition. **See Commonwealth v. Morris**, 251 A.3d 1256, 2021 WL 1087301, *3 (Pa.Super. 2021) (non-precedential decision). We did not address the merits of his claims, instead remanding to the trial court for further development of the record. Specifically, we noted that Appellant's

arguments were the same as those considered by our Supreme Court in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) ("*Torsilieri I*"), which was also remanded to the trial court for additional evidence concerning recidivism of sexual offenders. *See Morris*, 2021 WL 1087301, at *3.

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, raising the sole question of SORNA's constitutionality.[1]  He did not challenge any other determinations made by this Court, including our holding that his appeal properly arose from denial of a PCRA petition.  Our High Court held the petition for allowance of appeal pending resolution of the issues eventually decided in *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*").  Therein, the Court found that Torsilieri "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm." *Id*. at 110. The Court likewise determined that Torsilieri did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." *Id*.

In light of **Torsilieri II** and the overlap of issues presented, the Pennsylvania Supreme Court granted Appellant's allowance of appeal, vacated

---

[1] More specifically, the petition framed the matter as follows:

> Should this Honorable Court grant the petition for allowance of appeal where the question presented is one of such substantial, public importance as to require prompt and definitive resolution by the Pennsylvania Supreme Court and the issue involves the constitutionality of a statute of the Commonwealth?

Petition for Allowance of Appeal, 6/25/21, at 2 (capitalization altered).

our prior memorandum, and remanded this matter to us for reconsideration.

This matter is now ripe for review.

Appellant presents the following issues, which we have re-ordered for ease of disposition:

A. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated United States and Pennsylvania constitutional due process protections because it deprives Appellant of the right to reputation under the Pennsylvania Constitution, it [*sic*] because it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, [is] overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirements, and otherwise violates substantive due process protections?

B. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States and Pennsylvania constitution due process prohibition against *ex post facto* laws?

C. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

D. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions' separation of powers doctrine, as it gave judicial powers to the legislature and Pennsylvania State Police?

E.   Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated [the] United States and Pennsylvania constitutions' due process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and that said provisions are not severable?

F.   Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

Appellant's brief at 4-5 (some capitalization altered).

All of Appellant's issues attack the constitutionality of Subchapter H of SORNA, which "is a question of law for which our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Smith*, ___ A.3d ___, 2024 WL 3504513, *3 (Pa.Super. 2024) (citing *Torsilieri I*). "When addressing constitutional challenges to legislative enactments, we recognize that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens." *Id*. (citation omitted).  Furthermore,

Any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute clearly, palpably, and plainly violates the Constitution.  The presumption that legislative enactments are constitutional is strong.  All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster.  Moreover, statutes are to be construed whenever possible to uphold their constitutionality.

*Id*. (cleaned up).

- 5 -

Finally, we note that such challenges can be either facial or as-applied:

> A facial attack tests a law's constitutionality based on its text alone without considering the facts or circumstances of a particular case. The court does not look beyond the statute's explicit requirements or speculate about hypothetical or imaginary cases. An as-applied attack on a statute is more limited. It does not contend that a law is unconstitutional as written, but that its application to a particular person under particular circumstances deprives that person of a constitutional right. While as-applied challenges require application of the ordinance to be ripe, facial challenges are different, and ripe upon mere enactment of the ordinance. It is permissible to raise both facial and as-applied challenges to a statute.

*See Commonwealth v. Muhammad*, 241 A.3d 1149, 1155 (Pa.Super. 2020) (cleaned up). Here, Appellant asserts both types of challenges within his brief.

Turning to his first issue, Appellant argues that Subchapter H of SORNA must be stricken because it is supported by an unconstitutional irrebuttable presumption, namely that "[s]exual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a). Our High Court has declared that, to establish a violation of the irrebuttable presumption doctrine, "a challenging party must satisfy the three-prong test of demonstrating: (1) a protected interest, (2) a presumption that is not universally true, and (3) reasonable alternative means to ascertain the presumed fact." *Torsilieri II*, 316 A.3d at 96 (citation omitted). The Court has also clarified that to satisfy the second element, an appellant in this case "must establish a **consensus** of scientific evidence rebutting the presumption

as to the class of adult sex offenders (that they are at high risk of reoffending)." *Torsilieri I*, 232 A.3d at 583 (emphasis in original).

Appellant argues that the registration requirements in SORNA deprive him of the right to reputation, as they perpetuate the myth that he is dangerous to society based solely on the type of offense of which he was convicted without any individualized consideration. *See* Appellant's brief at 43-48. He contends that the evidence introduced in this matter at the *en banc* hearing proves false the claim that sexual offenders are universally "high risk." *Id*. at 49-51. More specifically, he highlights the testimony presented by Karl Hanson, Ph.D., C.Psych, a renowned expert on sex offender recidivism, who opined that the risk arising from such offenders "is actually quite low," and that they are less likely to commit an offense the longer they are crime-free. *Id*. at 49-50. Finally, Appellant asserts that there are alternative methods of achieving SORNA's goals of identifying those likely to recommit sex crimes, including empirical risk-based assessments or SVP determinations. *Id*. at 51-52.

This argument is virtually identical to that considered in *Torsilieri II*, wherein the Pennsylvania Supreme Court held thusly:

> To overturn the legislative presumption that sex offenders are more likely as a group to commit new sex offenses, we must conclude there is a universal consensus that this presumption is wrong. There cannot be a mere disagreement among experts; there must be clear and indisputable evidence for us to take this extraordinary step, as the General Assembly made a considered policy choice that sex crimes were uniquely abhorrent to the victims and society, and relying on the presumption that, as a

group, those who commit such crimes are more likely to commit another crime of a sexual nature.

***Torsilieri II***, 316 A.3d at 99. The Court further noted that all three of Torsilieri's "own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses."[2] ***Id***. (citation omitted). Thus, the evidence supported, rather than refuted, the legislative presumption.

In light of ***Torsilieri II***, Appellant's claim here must fail. Though he contends that he introduced evidence that the recidivism risk for sexual offenders "is actually quite low," this does not speak to the ultimate question raised by the legislative findings: "whether the percentage of those who have committed a sexual offense and go on to commit a second sexual offense — the group SORNA targets — is higher than the percentage of those who first commit a non-sexual offense followed by a second, sexual offense." ***Torsilieri II***, 316 A.3d at 99. Despite extensively highlighting evidence of record that he purports to be favorable to his position, Appellant has done no more than at best raise a "disagreement among experts." ***Id***. He has not provided us with clear and indisputable evidence significantly different from or stronger than that introduced by Torsilieri that the legislative presumption is incorrect. Without this, we are unwilling to take the extraordinary step of concluding

_____

[2] Notably, two of the experts whom Appellant cites extensively throughout his brief are the same as those relied upon by Torsilieri, namely Dr. Karl Hanson and Elizabeth Letourneau, Ph.D.

that the General Assembly's policy findings are unconstitutional. Therefore, no relief is due.

In his remaining issues, Appellant advances four additional constitution-based challenges to SORNA. He first asserts that the statute violates both federal and state separation of powers principles, in that it removes the courts from their mandated sentencing functions. **See** Appellant's brief at 98-100. Second, Appellant argues that the registration requirements constitute cruel and unusual punishment because, *inter alia*, they stigmatize registrants and create barriers to normal life while not achieving the goal of advising the public of those who are likely to recidivate. **Id**. at 62-97. He third maintains that SORNA violates the High Court's precedent in **Alleyne**, as it permits a court to impose punishment, *i.e.*, registration, based upon findings that were not made by a jury beyond a reasonable doubt. **Id**. at 101-102. Finally, Appellant claims that the statute runs afoul of *ex post facto* prohibitions since it retroactively imposes sanctions on those who committed crimes prior to the February 2018 enactment date. **Id**. at 40-42.

The common thread in these claims is that they all depend upon a finding that Subchapter H of SORNA constitutes criminal punishment. **See Torsilieri II**, 316 A.3d at 100 ("Importantly, [the a]ppellee's other constitutional challenges — regarding the separation of powers doctrine, the United States Constitution's prohibition on cruel and unusual punishment, and the right to a trial by jury — depend upon a determination that Subchapter H is punitive legislation."); **id**. at 80 (stating that this question is "a gateway

inquiry, as legislation must be deemed to be in the nature of criminal punishment to invoke the protections of these constitutional provisions").

As referenced above, the **Torsilieri II** Court directly addressed whether the act's registration requirements constitute criminal punishment, opining that Torsilieri "did not meet his heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose." **Torsilieri II**, 316 A.3d at 109-110 (analyzing the factors set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963)). Accordingly, it held:

> This being the case, we also conclude that, because a finding that Subchapter H constitutes criminal punishment is a threshold factor in determining the viability of [the a]ppellee's derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

*Id*. at 110. Here, three of Appellant's issues, relating to violations of **Alleyne**, as well as the doctrines of separation of powers and prohibition against cruel and unusual punishment, were specifically considered and rejected by the **Torsilieri II** Court. Therefore, they do not warrant relief.

With respect to Appellant's argument that SORNA violates *ex post facto* prohibitions, it likewise cannot succeed in light of our High Court's finding that Subchapter H is not punitive. As the Court has recognized, "the threshold question for determining whether the retroactive application of [SORNA] . . . violates the constitutional prohibition against *ex post facto* laws is whether the

requirements . . . constitute criminal punishment." ***Commonwealth v. Lacombe***, 234 A.3d 602, 618 (Pa. 2020) (citation omitted). Since the provision in question is nonpunitive, it likewise cannot form the basis of a successful *ex post facto* challenge.

In sum, the issues presented by Appellant herein were squarely resolved by the Court in ***Torsilieri II***. Like our High Court in that case, we find that Appellant has not met his substantial burden of demonstrating that Subchapter H of SORNA is unconstitutional, either facially or as applied to him. Therefore, the trial court did not err in denying his underlying untimely post-sentence motion, properly treated as a PCRA petition.

Order affirmed.

Judge Murray joins.

Judge Sullivan concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024